DAVID LANDERS V. THE STATE.

Appellant was indicted for murder on the eleventh of October, 1871; a copy of the indictment was served on him on the next day; and on the day following he sued out attachments for witnesses who resided in the same county. On the nineteenth of the same month the case came to trial, and he applied for a continuance on account of the absence of the witnesses, swearing that by them he expected to prove that certain blood found on his saddle was the blood of a slaughtered animal, and not that of the deceased. The continuance was refused, and the jury found him guilty and awarded death as the penalty. A new trial was asked and refused. There is no statement of facts; but by a bill of exceptions to the refusal of the continuance, and by the instructions given to the jury, it is stated that the evidence against the appellant was entirely circumstantial. *Held*, on the authority of Cooper v. The State, 19 Texas, 449, and in view of the gravity of the charge, the character of the evidence, and the extremity of the penalty, that a new trial should have been granted.

APPEAL from Colorado. Tried below before the Hon. L. Lindsay.

The opinion of the court and the head-note state every fact of any significance disclosed by the record.

*W. J. Darden*, for the appellant.

---

---

*Wm. Alexander,* Attorney General, for the State.

EVANS, P. J.—On the nineteenth of October, 1871, the appellant was tried in the District Court of Colorado county, and found guilty of murder in the first degree, "and his punishment assessed at death."

The indictment bears date the eleventh of October; a copy was served upon the appellant on the twelfth, and on the thirteenth he had issued attachments for several witnesses residing in Colorado county.

At the trial he filed an affidavit for a continuance in the usual form, which was overruled.

The transcript contains neither a copy of the attachment nor a statement of facts; we are therefore unable to determine the correctness of the judgment of the court in overruling the application for a new trial.

But the charge of the court and the bill of exceptions show that the appellant was convicted wholly on circumstantial evidence.

Now, in view of the gravity of the charge and the extremity of the penalty, on the authority of Cooper v. The State, 19 Texas R., 449, we are of opinion that a new trial should have been granted.

Wheeler J., in delivering the opinion of the court, says: "It cannot be denied that the affidavit for a continuance contains a substantial compliance with the statute, if the testimony which it discloses was material. In a case where the evidence was direct and positive, circumstances of the character of those mentioned might not be deemed relevant or material. Yet, in a case like the present, depending wholly upon circumstantial evidence, the mind seeks to explore every possible source from which any light, however feeble, may be derived; and in such a case it is peculiarly proper that the jury should have before them every fact and

circumstance, however slight, which may aid them in coming to a satisfactory conclusion, as to the guilt or innocence of the accused."

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.